JS-6/STAYED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Date  September 18, 2018

| Case Title, Case No., Dkt. No. | LINKSMART WIRELESS TECHNOLOGY LLC v. GOGO INC, ET AL, SACV 18-00654 AG (JDEx), Dkt. 24<br>LINKSMART WIRELESS TECHNOLOGY, LLC v. PANASONIC AVIONICS CORP., SACV 18-00662 AG (ASx), Dkt. 23<br>LINKSMART WIRELESS TECHNOLOGY, LLC v. WESTJET AIRLINES, LTD. ET AL, SACV 18-00657 AG (JDEx), Dkt. 27<br>LINKSMART WIRELESS TECHNOLOGY, LLC v. SOUTHWEST AIRLINES CO., SACV 18-00660 AG (JDEx), Dkt. 23<br>LINKSMART WIRELESS TECHNOLOGY, LLC v. GRUPO AEROMEXICO S.A.B. DE C.V., LACV 18-03335 AG (JDEx), Dkt. 26<br>LINKSMART WIRELESS TECHNOLOGY, LLC v. AIR CANADA, LACV 18-03337 AG (JDEx), Dkt. 19<br>LINKSMART WIRELESS TECHNOLOGY, LLC v. AIR FRANCE KLM SA, LACV 18-03341 AG (JDEx), Dkt. 27<br>LINKSMART WIRELESS TECHNOLOGY, LLC v. ALASKA AIR GROUP, INC., LACV 18-03345 AG (JDEx), Dkt. 23<br>LINKSMART WIRELESS TECHNOLOGY, LLC v. UNITED CONTINENTAL HOLDINGS, LACV 18-03348 AG (JDEx), Dkt. 27<br>LINKSMART WIRELESS TECHNOLOGY, LLC v. AMERICAN AIRLINES GROUP, INC., LACV 18-03349 AG (JDEx), Dkt. 24<br>LINKSMART WIRELESS TECHNOLOGY, LLC v. BRITISH AIRWAYS, PLC, LACV 18-03352 AG (JDEx), Dkt. 18<br>LINKSMART WIRELESS TECHNOLOGY, LLC v. EMIRATES ET AL, LACV 18-03353 AG (JDEx), Dkt. 25<br>LINKSMART WIRELESS TECHNOLOGY, LLC v. DELTA AIR LINES, INC., LACV 18-03354 AG (JDEx), Dkt. 22 |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**     **[IN CHAMBERS] ORDER REGARDING DEFENDANTS' MOTION TO STAY CASES AGAINST GOGO AND PANASONIC CUSTOMERS**

Defendants have moved for a stay of eleven of the thirteen cases listed here. For convenience, the Court cites to the docket numbers in Case Number SACV 18-00654 AG (JDEx) for purposes of this Order. But the Order applies to all thirteen cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Date   September 18, 2018

| Case Title, Case No., Dkt. No. | LINKSMART WIRELESS TECHNOLOGY LLC v. GOGO INC, ET AL, SACV 18-00654 AG (JDEx), Dkt. 24 **ET AL.** |
|---|---|

Defendants base their stay request on two overarching grounds: (1) the customer suit exception and (2) the traditional discretionary factors for deciding whether to stay a patent case pending patent office proceedings.

Defendants' Motions are **GRANTED**.

1.      **LEGAL STANDARDS**

Under the customer-suit exception to the first to file rule, "[w]hen a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take[s] precedence." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). The goal of the customer-suit exception is to "avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Id.* Although the exact circumstances underlying the original concept for the customer suit exception are not at play here, Defendants' stay request can be considered in terms of this framework, which encourages solutions that focus on "a flexible approach, including staying proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *See, e.g.*, *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014).

This Court is often confronted with stay motions in patent cases. Although true that most of the stay requests it sees are related to co-pending patent office proceedings rather than the customer-suit exception, both parties acknowledge that similar considerations of simplification of the issues and potential prejudice weigh into the calculus. *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) (the guiding principles underlying the customer-suit exception are efficiency and judicial economy); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Under either standard, the Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Date  September 18, 2018

| Case Title, Case No., Dkt. No. | LINKSMART WIRELESS TECHNOLOGY LLC v. GOGO INC, ET AL, SACV 18-00654 AG (JDEx), Dkt. 24<br>**ET AL.** |
|---|---|

**2.   ANALYSIS**

Defendants' overarching argument is that eleven of the lawsuits at issue here are against entities that are customers of Gogo and Panasonic as to the accused technology. Defendants argue that resolution of the issues against Gogo and Panasonic, as the owners of the technology accused of infringement, will resolve most, if not all, of the relevant substantive claims Plaintiff brings against the customers of those two companies.

Plaintiff offers a few general points in opposing Defendants' request to stay: (1) Plaintiff states it is accusing other systems of infringement besides the Gogo and Panasonic systems as to individual customer defendants; (2) the customer defendants each modify the Gogo and Panasonic systems to meet their individual requirements and specifications, making their involvement in the litigation necessary; (3) Plaintiff is entitled to additional damages against the individual customer defendants; and (4) no customer defendants have agreed to be bound by arguments Gogo and Panasonic make in the proceedings. In one breath, Plaintiff then argues that it would be prejudiced by Defendants' proposed stay, but in the next breath, Plaintiff states that it would be willing to stay all cases if Defendants would agree to file any IPRs in a shortened time frame compared to that allowed by statute.

Plaintiff's first and second arguments are belied by the language of its complaints and potentially by its infringement contentions against each defendant.  The Court has some concerns that Defendants cherry-picked only very specific examples from two sets of Plaintiff's infringement contentions to support their argument about the similarities in Plaintiff's infringement allegations.  (*See* Dkt. 34-1 (including only Plaintiff's infringement contentions for two of the Defendants and for only a single claim for one of the two asserted patents).)  However, on the current record, the evidence provided – in addition to the almost identical language regarding the accused products across Plaintiff's complaints – suggests that Plaintiff is not basing its infringement positions on any possibly unique/modified features of the accused systems as implemented by each defendant. Similarly, as Defendants note, the only reference to potential customization or third party products at all seems to be in general terms using conclusory statements at the outset of Plaintiff's infringement contention claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Date | September 18, 2018 |

| | |
|---|---|
| Case Title, Case No., Dkt. No. | LINKSMART WIRELESS TECHNOLOGY LLC v. GOGO INC, ET AL, SACV 18-00654 AG (JDEx), Dkt. 24 **ET AL.** |

charts. (*See, e.g.*, Dkt. 29-5 at 5.) At the hearing, Plaintiff did not raise the argument that other portions of its infringement contentions provided some additional level of detail regarding these third party systems and instead urged that its quick references to those systems in its contentions were sufficient. The Court disagrees. Plaintiff's overarching assertions are not sufficient under this Court's patent local rules (not to mention the pleading requirements of the federal rules) to implicate these third party products or individual defendants' customizations of the Gogo/Panasonic products in this case at this time. As Defendants observed in their papers, for Plaintiff's infringement contentions to be sufficient, they must explain how each limitation of each asserted claim is met by a particular accused product. An overarching statement about third party systems does not meet this standard.

Taking Plaintiff's fourth argument next, in their reply brief, Defendants state that Gogo and Panasonic have agreed to indemnify the customer defendants in this action. (Dkt. 31 at 10.) Under these circumstances, the need for the customer defendants to be bound by Gogo and Panasonic's positions is somewhat lessened. Although Defendants' position would be stronger if they simply agreed to be bound by Gogo/Panasonic's litigation positions, either way, it is Gogo and Panasonic – not the customer defendants – who will apparently be on the hook if Defendants are found to infringe. At the hearing, Plaintiff again raised its concern that the customer defendants may get an unfair second bite at the apple if their cases are stayed and eventually resumed. The Court observes without further comment or conclusion that estoppel is an equitable doctrine that is heavily dependent on the facts of a case. The Court is on notice of Plaintiff's concerns and they will be taken into consideration in the event a future issue arises in this regard.

As to the third point, the parties dispute whether Plaintiff may be entitled to additional damages against the customer defendants beyond those it would be entitled to receive from Gogo and Panasonic. Without deciding the issue, compared to all the other issues that appear likely resolved by proceeding just with the suits against Gogo and Panasonic, this point does not significantly weigh against a customer suit stay. *In re Nintendo*, 756 F.3d at 1366 (quoting *Katz*, 909 F.2d at 1464) ("[a]lthough there may be additional issues involving the defendants in [the customer] action, their prosecution will be advanced if [the plaintiff] is successful on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Date | September 18, 2018 |

| | |
|---|---|
| Case Title, Case No., Dkt. No. | LINKSMART WIRELESS TECHNOLOGY LLC v. GOGO INC, ET AL, SACV 18-00654 AG (JDEx), Dkt. 24<br>**ET AL.** |

major premises being litigated in [the manufacturer litigation], and may well be mooted if [the plaintiff] is unsuccessful.").

Overall, the totality of Plaintiff's arguments fail to support denial of Defendants' motion. Plaintiff has also failed to sufficiently explain why it would be prejudiced by a stay when, as Defendants point out, Plaintiff is alternatively proposing that it would agree to a stay as long as it was on Plaintiff's terms.

Given additional considerations, such as the early status of this case (no schedule has been entered yet), staying the suits against the customer defendants would be consistent with overall considerations of efficiency, judicial economy, and party resources. Although Plaintiff raises some concerns regarding discovery, based on Plaintiff's currently-alleged complaints and theories of infringement in these cases, they are not enough to tip the scales either. Plaintiff re-raised this concern at the hearing and further made an oral request for limited technical discovery concerning both the customer defendant's implementations of the Gogo and Panasonic systems and the third party systems briefly mentioned in its infringement contentions. The Court declines to permit Plaintiff's oral request for discovery based on the current record at this time. To the extent other investigation provides Plaintiff with a Rule 11 basis to adequately add the third party systems to this action via an amended complaint and appropriate infringement contentions to follow, it may seek to do so and re-raise its objection to the stay of the customer defendants' matters. The same is true to the extent other investigation reveals aspects of the customized versions of the customer defendants' systems that are relevant to Plaintiff's infringement claims such that Plaintiff feels it is able to serve amended infringement contentions.

3.  **CONCLUSION**

Defendants' Motions are **GRANTED**. The following cases are **STAYED** pending the outcome of the lawsuits against Gogo and Panasonic:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Date | September 18, 2018 |

| | |
|---|---|
| Case Title, Case No., Dkt. No. | LINKSMART WIRELESS TECHNOLOGY LLC v. GOGO INC, ET AL, SACV 18-00654 AG (JDEx), Dkt. 24 **ET AL.** |

- LINKSMART WIRELESS TECHNOLOGY, LLC v. WESTJET AIRLINES, LTD. ET AL, SACV 18-00657 AG (JDEx);
- LINKSMART WIRELESS TECHNOLOGY, LLC v. SOUTHWEST AIRLINES CO., SACV 18-00660 AG (JDEx);
- LINKSMART WIRELESS TECHNOLOGY, LLC v. GRUPO AEROMEXICO S.A.B. DE C.V., ET AL, LACV 18-03335 AG (JDEx);
- LINKSMART WIRELESS TECHNOLOGY, LLC v. AIR CANADA, LACV 18-03337 AG (JDEx);
- LINKSMART WIRELESS TECHNOLOGY, LLC v. AIR FRANCE KLM SA, LACV 18-03341 AG (JDEx);
- LINKSMART WIRELESS TECHNOLOGY, LLC v. ALASKA AIR GROUP, INC., LACV 18-03345 AG (JDEx);
- LINKSMART WIRELESS TECHNOLOGY, LLC v. UNITED CONTINENTAL HOLDINGS, INC. ET AL, LACV 18-03348 AG (JDEx);
- LINKSMART WIRELESS TECHNOLOGY, LLC v. AMERICAN AIRLINES GROUP, INC., LACV 18-03349 AG (JDEx);
- LINKSMART WIRELESS TECHNOLOGY, LLC v. BRITISH AIRWAYS, PLC, LACV 18-03352 AG (JDEx);
- LINKSMART WIRELESS TECHNOLOGY, LLC v. EMIRATES ET AL, LACV 18-03353 AG (JDEx); and
- LINKSMART WIRELESS TECHNOLOGY, LLC v. DELTA AIR LINES, INC., LACV 18-03354 AG (JDEx).

| | | |
|---|---|---|
| | : | 0 |
| Initials of Preparer | lmb | |